1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DORIS LEE, an individual,                                )
                                                         )
                          Plaintiff,                     )        Case No.: 2:14-cv-00470-GMN-VCF
          vs.                                            )
                                                         )        **ORDER**
ELIZABETH ANNE NOBLE, an individual;  )
MENDOTA INSURANCE COMPANY; and,  )
DOES I through X, inclusive,                  )
                                                         )
                          Defendants.               )
                                                         )

Pending before the Court is the Motion to Remand to State Court (ECF No. 8) filed by

Plaintiff Doris Lee ("Plaintiff").  Defendant Mendota Insurance Company ("Mendota") filed a

Response (ECF No. 13) and Plaintiff filed a Reply (ECF No. 18).  Subsequently, Mendota filed

a Motion to Withdraw its Response to Plaintiff's Motion to Remand. (ECF No. 21.)

Plaintiff initially filed this action on February 20, 2014, in state court alleging two

causes of action: (1) Negligence Against Defendant Noble; and (2) Underinsured Motorist

Against Defendant Mendota Insurance Company. (Req. for Judicial Notice, Ex. A, at 7–8, ECF

No. 2-1.)  Thereafter, on March 28, 2014, Mendota removed the action to this Court alleging

diversity jurisdiction.  In response, Plaintiff filed a Motion to Remand, in which she asserts

that, because Defendant Elizabeth Anne Noble ("Noble") is a resident of Nevada, Noble's

presence in this lawsuit destroys complete diversity and deprives this Court of subject matter

jurisdiction. (Mot. to Remand, ECF No. 8.)  Mendota initially opposed Plaintiff's Motion (ECF

No. 13), but later filed a Motion to Withdraw its opposition (ECF No. 21).

"If at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  In this case, Mendota removed

this action from state court and asserted that this Court had subject matter jurisdiction under 28 U.S.C. § 1332.  Under § 1332, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

In Mendota's Motion to Withdraw its Response to Plaintiff's Motion to Remand, Mendota explains that after further investigation it now agrees with Plaintiff's position that Defendant Noble is a resident of Nevada.  Because both Plaintiff and Defendant Noble are residents of Nevada, the requirements of jurisdiction under § 1332 have not been met.  Thus, this Court lacks subject matter jurisdiction and must remand the case to Nevada state court.

**Therefore,**

**IT IS HEREBY ORDERED** that the Motion to Withdraw Response to Motion to Remand (ECF No. 21) filed by Defendant Mendota Insurance Company is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Remand (ECF No. 8) filed by Plaintiff Doris Lee is **GRANTED**.  This case is hereby remanded to the Eighth Judicial District Court in Clark County, Nevada.

**DATED** this 12th day of June, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge